IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REBECCA MARIE SIEMERS, On Behalf of Herself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:19-cv-851 |
| JORDAN HEALTH CARE, INC. (f/k/a Aspire Healthcare, a/k/a Jordan Health Service, and a/k/a a Part of the Elara Caring Network), | § § § § | JURY TRIAL DEMANDED COLLECTIVE ACTION |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Rebecca Marie Siemers ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against Jordan Health Care, Inc. (f/k/a Aspire Healthcare, a/k/a Jordan Health Service, and a/k/a a Part of the Elara Caring Network) ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1.   This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven-day workweek.

2.   Defendant is a home health service business entity with operations in numerous states, including Texas.

3.   Plaintiff files this lawsuit individually and as a FLSA collective action on behalf of all other similarly situated current and/or former employees of Defendant who work(ed) as home health nurses paid on a per visit basis, and like Plaintiff, are not/were not paid time and one-half

*Plaintiff's Original Complaint – Page* 1

their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period relevant to this lawsuit.

4. Plaintiff and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.     THE PARTIES, JURISDICTION, AND VENUE

**A.     Plaintiff Rebecca Marie Siemers**

5. Plaintiff is a natural person. She has standing to file this lawsuit.

6. Plaintiff was an employee of Defendant.

7. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent to join is filed Exhibit A to this Complaint.

**B.     Collective Action Members**

8. The putative collective action members are all current and/or former home health nurses of Defendant who are/were paid on a per visit basis that are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not and does not pay all overtime premium compensation to its those putative collective action members who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

9. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

**C.     Defendant Jordan Health Care, Inc. (f/k/a Aspire Healthcare, a/k/a Jordan Health Service, and a/k/a a Part of the Elara Caring Network)**

10. Defendant is a corporation organized under the laws of the State of Texas.

11. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

12. Defendant has business operations in numerous locations in the United States.

13. The principle place of business listed by the Texas Secretary of State for Defendant is 14295 Midway Road, Suite 400, Addison, Dallas County, Texas 75001.

14. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

15. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

16. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

17. For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include home health services Defendant advertised, offered and/or provided to its customers in Texas and states other than Texas and communications by phone, mail, and/or internet with customers, and/or prospective customers in Texas and states other than Texas.

18. Furthermore, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include: home health care medical equipment, home health care medical supplies, communications equipment, computers, computer software, and other equipment, supplies, goods, and/or materials used in connection with Defendant's home health business operations.

19. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

20. Defendant may be served with summons through its registered agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**D.     Jurisdiction**

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

23. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

24. Defendant's principal place of business is located within the territory covered by the United States District Court for the Northern District of Texas, Dallas Division.

25. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

### III.     FACTUAL BACKGROUND

26. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

27. Plaintiff's dates of employment with Defendant, and/or its predecessor(s), are approximately July 2017 to March 2019.

28. Plaintiff's employment began with Aspire Health Care ("Aspire") in approximately July 2017. Plaintiff was employed as a home health nurse and paid on a per patient visit basis by Aspire. Plaintiff regularly worked more than 40 hours per seven-day workweek that Aspire recorded and paid her corresponding overtime wages owed.

29. Jordan Health Care, Inc. a/k/a Jordan Health Service ("Jordan") acquired Aspire in 2018. There was no change in Plaintiff's job title, primary job duties, managers, or methods of pay after that acquisition. The same is true for other home health nurses who worked for Aspire before the merger/acquisition, and for Jordan after that merger/acquisition. However, after that merger/acquisition, Jordan ceased accurately recording Plaintiff's hours worked, altered Plaintiff's actual recorded hours worked, and ceased paying Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven day workweek. The same is true for the other home health nurses who are putative collective action members in this lawsuit.

30. When Aspire was the employer, Aspire recorded the hours worked by Plaintiff and the putative collective action members, including visit time, drive time, and documentation time. After Jordan took over Aspire's business operations and employees, Jordan had a practice and/or policy of altering and/or not accurately recording the actual hours worked by Plaintiff and the putative collective action members and not paying all overtime premium pay owed. This same practice or policy continued after Elara Caring Network acquired, merged with, and/or began business operations with Jordan.[1]

31. Plaintiff complained to Defendant about not being paid overtime premium pay for all overtime hours worked. For example, on or about February 8, 2019, Plaintiff e-mailed Tina Vaughn, a payroll coordinator for Defendant, about having worked 85.29 hours in a pay period, but only being paid for 80 hours in that pay period. Plaintiff stated in that e-mail that she had not been paid for her overtime hours worked. Plaintiff had provided a time sheet to Defendant showing the 85.29 hours worked prior to being issued her corresponding paycheck, but Ms. Vaughn informed Plaintiff that the time sheet she had showed only 80 hours worked in that two week work

---

[1] Jordan filed an Assumed Name Certificate with the Texas Secretary of State on or about July 27, 2018 stating that its assumed name was Jordan Health Care, Inc., a Part of the Elara Caring Network.

*Plaintiff's Original Complaint – Page* 5

period. Ms. Vaughn did not know who altered Plaintiff's time sheet. Plaintiff was not paid all FLSA mandated wages and damages for the workweeks in that pay period in addition to numerous other workweeks in other pay periods as an employee of Defendant.

32. Plaintiff routinely worked in excess of 40 hours in numerous seven-day workweeks as an employee of Defendant. However, Defendant did not pay Plaintiff time and one-half her regular rate of pay for all of those hours worked over 40 in each and every seven-day workweek in the time period relevant to Plaintiff's claims.

33. Defendant admits on its website that it "fulfill[s] the personal care, case management, skilled nursing, and hospice needs of well over 37,000 patients in Texas, Oklahoma, Louisiana, and Missouri across more than 120 locations."[2]

34. Defendant employs/employed numerous other home health nurses that are/were similarly situated to Plaintiff in connection with their methods of pay and job duties. Like Plaintiff, those other home health nurses routinely work(ed) in excess of 40 hours per seven-day workweek. When performing that work before Jordan took over Aspire's business operations and employees, they were paid overtime premium pay based on actual hours worked. However, after Jordan took over Aspire's business operations and employees, and continuing through and after the acquisition, merger, and/or business operations with Elara, the hours worked by those other home health nurses were not accurately tracked and/or were altered by Defendant to underreport actual hours worked, and those home health nurses were not paid all overtime premium pay owed for all overtime hours Defendant knew or should have known were being worked.

35. Based on the policy/practice change from accurate time recording and paying of overtime pay when Plaintiff and the putative collective action members were employed by Aspire

---

[2] *See* https://www.jhsi.com/contact-locations (last accessed by the undersigned on April 5, 2019).

to the inaccurate tracking, altering of records, and failure to pay for overtime hours Defendant knew or should have known were worked by Plaintiffs and the putative collective action members after Defendant acquired Aspire's employees and business operations, Defendant's actions that violated the FLSA were intentional.

## IV. CONTROLLING LEGAL RULES

36. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

37. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

38. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

39. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

40. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

41. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

42. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V. FLSA CLAIMS

43. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

44. All conditions precedent to this suit, if any, have been fulfilled.

45. At relevant times, Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

46. At relevant times, Defendant is and/or has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

47. Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

48. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

49.     Plaintiff and the putative collective action members are and/or were paid on a per patient visit basis by Defendant.

50.     At all times relevant, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

51.     Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

52.     Defendant knew or had reason to believe that Plaintiff and the putative collective action members were working hours over 40 in their respective workweeks for which they were not paid time and one-half their regular rates of pay.

53.     Defendant failed to pay Plaintiff and the putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

54.     The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

55.     Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members were working overtime hours for which they were not paid all FLSA overtime wage compensation owed. Defendant altered time records and/or instructed time records to be inaccurately documented in order to attempt to avoid paying overtime wages. An employer's failure to keep accurate or complete records of hours worked is evidence of

a willful FLSA violation. *Pye v. Oil States Energy Servs.*, LLC, 233 F. Supp. 3d 541, 565 (W.D. Tex. 2017).

56. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.   FLSA COLLECTIVE ACTION

57. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

58. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former employees of Defendant who: (a) are and/or were employed as home health nurses in the United States; (b) are/were paid on a per visit basis; and (c) are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek in the relevant time period. Because Defendant did not and does not pay all overtime premium compensation owed to its home health nurse employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

59. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.   JURY DEMAND

60. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

61. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

    a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

    b. All damages allowed by the FLSA, including back overtime wages;

    c. Liquidated damages in an amount equal to back FLSA mandated wages;

    d. Legal fees;

    e. Costs;

    f. Post-judgment interest; and/or

    g. All other relief to which Plaintiff and the Collective Action Members are entitled.

April 5, 2019.

Respectfully submitted,

By: s/ Allen R. Vaught
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
avaught@baronbudd.com
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile

ATTORNEYS FOR PLAINTIFF